UNITED STATES (PERKINS v.). See Case No. 10,990.

UNITED STATES (PEROTS v.). See Case No. 10,993.

## Case No. 16,034.

### UNITED STATES v. PETER.

[2 Cranch, C. C. 98.] [1]

Circuit Court, District of Columbia. April Term, 1814.

LARCENY—PEREMPTORY CHALLENGES.

In Alexandria, a prisoner indicted under the act of congress, for larceny, has the right of peremptory challenge.

Mr. Jones, for the United States, admitted that under the Virginia law of November 13, 1792, p. 103, § 8, the prisoner [the negro Peter], who was indicted for larceny under the act of congress of April 30, 1790, § 16 (1 Stat. 116), was entitled to a peremptory challenge of twenty jurors.

## Case No. 16,035.

### UNITED STATES v. PETERS.

[2 Abb. U. S. 494.] [2]

District Court, E. D. Michigan. March Term, 1870.

COUNTERFEITING—REQUISITES OF INDICTMENT.

An indictment for "falsely making," &c., coin of the United States, under section 20 of the crimes act of 1825 [4 Stat. 121), need not aver an intent to pass the coin as true, nor an intent to defraud.

Motion to quash an indictment. The defendant, Frederick W. Peters, was indicted, under section 20 of the crimes act of 1825, for counterfeiting the coin of the United States.

Mr. Russell, for the motion.
Mr. Maynard, U. S. Dist. Atty., opposed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

WITHEY, District Judge. The indictment charges that Peters falsely made, forged, and counterfeited half and quarter-dollar coin, in the similitude of the silver coin of the United States, and also assisted in doing the same thing; but the offense is not charged to have been committed with intent to pass as true, nor with intent to defraud anybody.

The motion rests on the omission to charge the intent. The court is of the opinion that the intent to pass, &c., constitutes no part of the crime as defined by the statute. The crime consists in falsely making, forging, or counterfeiting. This is a distinct offense, viz: to make with a false intent. The indictment charges, in the language of the statute, that defendant "did falsely make," &c. Under this charge it would be no proof of an offense to show that Peters made the coin from curiosity or amusement, or for other purposes, without any design to falsify the coin of the United States. Such false purpose may be shown by proof that it was with intent to pass, utter, publish, or sell, or with intent to deceive any person.

Another offense defined by section 20 of the act of 1825, under consideration, is the passing, &c., or bringing into the United States, with intent to pass as true, knowing the same to be false, with intent to defraud. Here, an ingredient of the offense is the intent to pass as true, and intent to defraud, and therefore must be charged in order to justify sufficient proof to convict.

We are entirely clear that the words of the section, "with intent to pass as true," and to defraud, do not relate to the falsely making coin in the semblance of the coin of the United States. Motion denied.